IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02276-WJM-MJW

SHARON DURLAK,

Plaintiff,

v.

HOME DEPOT U.S.A., INC., and
NICHOLAS SCHIATTA,

Defendants.

---

### REPORT & RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND FOR IMPROPER REMOVAL (Docket No. 9)

---

**Michael J. Watanabe**
**United States Magistrate Judge**

This case is before the Court pursuant to a memorandum (Docket No. 20)

referring the subject motion (Docket No. 9) entered by Judge William J. Martinez on

December 5, 2017. Now before the Court is Plaintiff's Motion to Remand for Improper

Removal (Docket No. 9). The Court has carefully considered the motion, the Response

(Docket No. 14), and the Reply (Docket No. 21). The Court has taken judicial notice of

the Court's file and has considered the applicable Federal Rules of Civil Procedure and

case law. The Court now being fully informed makes the following findings of fact,

conclusions of law, and recommendation.

### Background

Plaintiff filed this case against Defendants in the District Court for the City and

County of Denver. Defendant Home Depot U.S.A., Inc. ("Home Depot") removed the

suit to this Court on September 20, 2017, arguing that, while Plaintiff and Defendant

Schiatta are citizens of Colorado, Defendant Schiatta was improperly joined as a Defendant to defeat diversity jurisdiction. (Docket No. 1 at 4.) After removal, Plaintiff filed the instant motion seeking remand (Docket No. 9). Plaintiff argues that her allegations against Defendant Schiatta were not fraudulent and, as a result, this Court lacks jurisdiction over this suit.

## Analysis

To be removable, a civil action must satisfy the requirements for federal jurisdiction. 28 U.S.C. § 1441(a). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [the courts'] constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1095 (10th Cir. 2005). The presumption is therefore "against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, —— U.S. ——, 135 S.Ct. 547, 554, 190 L.Ed.2d 495 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). Where there exist uncertainties regarding the Court's jurisdiction, the uncertainties are resolved in favor of remand. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC*, —— U.S. ——, 135 S.Ct. 547, 554, 190 L.Ed.2d 495 (2014) (same). "The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (internal quotation marks omitted).

In *Dutcher v. Matheson*, the Tenth Circuit examined fraudulent joinder and explained:

> To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff.

733 F.3d 980, 988 (10th Cir. 2013) (internal quotation marks and citations omitted, modification in original). Here, the dispute centers on the second option: the parties dispute whether Plaintiff can establish a cause of action against Defendant Schiatta in state court. Defendant Home Depot argues that "[t]here is no reasonable basis to believe the Plaintiff may succeed in her sole claim against . . .Defendant Schiatta." (Docket No. 14 at 3.)

To succeed in such an argument, Defendant Home Depot must establish "that there is no possibility that [Plaintiff] would be able to establish a cause of action against [Schiatta] in state court." *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)). Indeed, after resolving "all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party," the Court should deny a fraudulent joinder assertion if there is "any possibility of recovery against the party whose joinder is questioned." *Id.* Thus, while a court is not compelled to believe whatever the plaintiff says in the complaint, and indeed can go behind the complaint to determine whether joinder is a "sham or fraudulent device to prevent removal," a claim "which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and

frivolous that it may be disregarded for purposes of diversity jurisdiction." *Brazell v. Waite*, 525 F.App'x 878, 881 (10th Cir. 2013) (quoting *Smoot v. Chicago, Rock Island and Pac. R.R. Co.*, 378 F. 2d 879, 881-82 (10th Cir. 1967); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir. 1992)).

Plaintiff asserts one claim for negligence against Defendant Schiatta (Docket No. 5 ¶¶ 31-35). Defendant Home Depot argues that because Plaintiff alleges that Defendant Schiatta was negligent on Defendant Home Depot's property in the course of his employment, the Colorado Premises Liability Act ("PLA") is implicated and Plaintiff's only remedy is against the landowner---Defendant Home Depot. As a result, Defendant Home Depot maintains that Plaintiff cannot establish a negligence cause of action against Defendant Schiatta.

In Colorado, a claim is a premises liability claim, and thus subject to the PLA when (a) the plaintiff's injury occurred while on the landowner's real property, and (b) the alleged injury occurred by reason of the property's condition or as a result of activities conducted or circumstances existing on the property. *Larrieu v. Best Buy Stores, L.P.*, 303 P.3d 558, 559 (Colo. 2013). Here, Plaintiff alleges that she was injured in the wood cutting area of the Home Depot store located at 1200 Mayberry Drive in Highlands Ranch, Colorado. (Docket No. 5 ¶¶ 8-9, 11-12.) She further alleges that she "was injured when . . . Defendant Schiatta dropped a large panel of wood/MDF on Plaintiff's foot . . . ." (*Id.* ¶¶ 12-13). Plaintiff also alleges that "Defendant Schiatta was negligent when he 'failed to exercise that degree of care which a reasonably careful person would use under the same of similar circumstances, as an agent/employee of Defendant Home Depot, when he dropped the wood/MDF panel on Plaintiff's foot." (*Id.*

4

¶ 17) (citation and internal quotation marks omitted). Further, Plaintiff specifically alleges that Defendant Home Depot was a "landowner" as defined by Colo. Rev. Stat. § 13-21-115(5)(b) (*Id.* ¶ 19). Plaintiff argues that the Court must engage in a fact-specific, case-by-case inquiry to determine whether "alleged injury occurred by reason of the property's condition or as a result of activities conducted or circumstances existing on the property," *Larrieu*, 303 P.3d at 559. (Docket No. 21 at 5). However, Plaintiff's own allegations make clear that that is exactly what occurred. She alleges that Defendant Schiatta's activities on Defendant Home Depot's property as an employee of Defendant Home Depot caused her injury. The Court need not engage in an "intricate analysis" (Docket No. 21 at 5) in order to determine if these factual allegations implicate the PLA. It is clear that they do. As the Colorado Supreme Court made clear in *Larrieu*, the PLA is not implicated by "any tort that happens to occur on another's property," *Larrieu*, 303 P.3d at 563. However, the statute is implicated by "conditions, activities, and circumstances on the property that the landowner is liable for in its legal capacity as a landowner." *Id.* Specifically, as discussed above, the statute is implicated when "(a) the plaintiff's alleged injury occurred while on the landowner's real property; and (b) the alleged injury occurred by reason of the property's condition or as a result of activities conducted or circumstances existing on the property." *Id.* Plaintiff's negligence claim against Defendant Schiatta is based on an injury that occurred at Home Depot by a Home Depot employee who was engaged in the activities of his employment.

## Recommendation

For the foregoing reasons, it is hereby RECOMMENDED that Plaintiff's Motion to Remand for Improper Removal (Docket No. 9) be DENIED.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**

**the parties have fourteen (14) days after service of this recommendation to serve**

**and file specific written objections to the above recommendation with the District**

**Judge assigned to the case.  A party may respond to another party's objections**

**within fourteen (14) days after being served with a copy.  The District Judge need**

**not consider frivolous, conclusive, or general objections.  A party's failure to file**

**and serve such written, specific objections waives de novo review of the**

**recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53**

**(1985), and also waives appellate review of both factual and legal questions.**

***Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*,**

**91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:      June 13, 2018                          *s/ Michael J. Watanabe*
          Denver, Colorado                     Michael J. Watanabe
                                    United States Magistrate Judge