IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-2276-WJM-MJW

SHARON DURLAK,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC., and
NICHOLAS SCHIATTA,

    Defendants.

## ORDER REJECTING THE JUNE 13, 2018 RECOMMENDATION OF MAGISTRATE JUDGE AND REMANDING THIS ACTION TO STATE COURT

This matter is before the Court on Plaintiff Sharon Durlak's Motion to Remand for Improper Removal (the "Motion"). (ECF No. 9.) The Court received a June 13, 2018 report and recommendation (the "Recommendation") by (now retired) U.S. Magistrate Judge Michael J. Watanabe that the Motion be denied and the action remain in federal court. (ECF No. 23.) Plaintiff timely filed an objection to the Recommendation (ECF No. 24) and Defendant Home Depot responded to the objection (ECF No. 25). The Court has reviewed the Recommendation, Plaintiff's objection, Home Depot's response, as well as the parties' pre-Recommendation briefing (ECF Nos. 9, 14, 21).

For the reasons explained below, the Court concludes that Defendant Nicholas Schiatta was not fraudulently joined as a defendant in this action and thus there is not complete diversity between the parties. As such, this Court did not have original jurisdiction over this matter at the time it was filed, *see* 28 U.S.C. § 1332(a), and

removal to this Court was not proper.  *See id*. § 1441(a) (removal is proper where federal court has original jurisdiction over a case).  Accordingly, remand of this case is required.  28 U.S.C. § 1447(c); *see Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1114 (D. Colo. 2000).

## I. BACKGROUND

The following factual summary is drawn from Plaintiff's Complaint.  (ECF No. 5.)  Citations to ECF page numbers are to the page number in the ECF header, which does not always match the document's internal pagination.  On a motion to remand, disputes of fact are resolved in favor of the non-removing party.  *See Frontier Airlines, Inc. v. United Air Lines, Inc.*, 758 F. Supp. 1399, 1405 (D. Colo. 1989).  Here, the parties do not dispute the basic facts.

Plaintiff visited a Home Depot store at 1200 Mayberry Drive, Highlands Ranch, Colorado, 80129 (the "Property") on September 5, 2015.  (ECF No. 5 ¶ 8.)  Plaintiff alleges that Home Depot is the landowner of the Property.  (*Id.* ¶ 19.)  While on the Property, Plaintiff intended to purchase several wood/MDF panels each weighing about 17 pounds, placed several panels on a lumber cart, and pushed the cart with panels to the cutting area of the lumber department.  (*Id.* ¶¶ 9–10.)  Schiatta began to remove the panels from the cart and dropped a panel on Plaintiff's foot at the first metatarsophalangeal joint ("MTP") on the metatarsal head.  (*Id.* ¶¶ 11–13.)  The injury caused Plaintiff great pain and ultimately resulted in a bone spur on Plaintiff's MTP and Plaintiff developing hallux rigidus.  (*Id.* ¶¶ 13–15.)  Plaintiff required surgery. (*Id.* ¶ 15.)

Plaintiff filed a civil action in state court alleging three claims against Home

2

Depot, namely violation of the Colorado Premises Liability Act ("PLA"), Colo. Rev. Stat § 13-21-115, negligence under *respondeat superior*, and direct negligence, as well as a single claim of common law negligence against Schiatta. Plaintiff and Schiatta are citizens of Colorado. (*Id.* ¶¶ 1, 4.) Home Depot is a resident of Georgia and Delaware. (*Id.* ¶ 3; ECF No. 1 ¶ 7.)

Home Depot filed a Notice of Removal in federal court claiming that Plaintiff had fraudulently joined Schiatta to destroy diversity jurisdiction and that this Court thus had jurisdiction to hear the dispute. (ECF No. 1.)

## II. LEGAL STANDARD

When a magistrate judge issues a recommended outcome on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court."). An objection to a recommendation is properly made if it is filed within fourteen days of the recommendation. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection must also be sufficiently specific such that it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* (*quoting Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or

return the matter to the magistrate judge with instructions." *Id.*

Motions to remand are final decisions or dispositive actions, and thus review of a magistrate judge's recommendation on a motion to remand falls under Rule 72(b). *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 996 (10th Cir. 2000). Here, Plaintiff seeks remand of her action to state court. Judge Watanabe recommended denying the Motion, and Plaintiff timely filed her Objection under Rule 72(b)(2). (ECF Nos. 23, 24.) Plaintiff's objections are sufficiently specific to focus the Court's attention on the matters in dispute. Thus, the Court will review the Motion *de novo*.

### III. ANALYSIS

**A.     Law of Fraudulent Joinder**

Jurisdictional issues must be addressed at the beginning of every case and, if jurisdiction is found to be lacking, the case or claim comes to an immediate end. *In re Franklin Savings Corp.*, 385 F.3d 1279, 1286 (10th Cir. 2004). Federal district courts have jurisdiction over all civil actions in which the amount in controversy exceeds $75,000 and complete diversity exists between the parties. 28 U.S.C. § 1332(a). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter" and must prove jurisdiction by a preponderance of the evidence. *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004); *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). When a case is originally filed in state court, there is a "strong presumption" against removal and all ambiguities must be resolved against removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

4

Fraudulent joinder is a narrow exception to the requirement of complete diversity between the parties. *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967). Fraudulent joinder presupposes that the plaintiff in state court named a nondiverse defendant against whom the plaintiff has no real claim, solely to prevent removal. *Id.* at 881–82. In such a circumstance, a diverse defendant may remove despite the lack of complete diversity and the federal court may keep the case (essentially by severing the nondiverse defendant) if the diverse defendant carries the "heavy burden" of demonstrating "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation marks omitted).

The party asserting fraudulent joinder must "demonstrate that there is no possibility that plaintiff would be able to establish a cause of action against the joined party in state court." *Montano v. Allstate Indemnity*, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000). "If there is even a possibility that the state court would find that the complaint states a cause of action against the resident defendant, the federal court must find that the joinder was proper and remand the case to state court." *Frontier Airlines*, 758 F. Supp. at 1404; *see also Hale*, 93 F. Supp. 2d at 1113 ("While an allegation of fraudulent joinder permits the Court to pierce the pleadings, it is not proper for the Court to pre-try issues of liability on a motion for remand.").

**B.  Colorado Premises Liability Act**

Under the PLA, a landowner is liable for injuries occurring on its property "by

5

reason of the condition of such property, or activities conducted or circumstances existing on such property." Colo. Rev. Stat. § 13-21-115(2). The Colorado Supreme Court has determined that the PLA does not limit liability to circumstances "directly or inherently related to the land," but rather includes "conditions, activities, and circumstances on the property that the landowner is liable for int its legal capacity as a landowner." *Larrieu v. Best Buy Stores, L.P.*, 303 P.3d 558, 563 (Colo. 2013) (holding defendant Best Buy liable for the negligence of its employee occurring on its property). "This analysis necessitates a fact-specific, case-by-case inquiry" into whether the injury occurred on the property and if the injury "occurred by reason of the property's condition or as a result of activities conducted or circumstances existing on the property." *Id.* For instance, an employer may be responsible for an employee's negligent act in assisting a customer which results in an injury to the customer. *Id.* at 565.

Colorado courts have repeatedly remarked that the PLA is the exclusive remedy against the landowner. *Vigil v. Franklin*, 103 P.3d 322, 328 (Colo. 2004) (holding that the PLA "fully abrogat[ed] landowner common law duty principles"); *Thornbury v. Allen*, 991 P.2d 335, 340 (Colo. App. 1999) ("A plaintiff may recover *against a landowner* only pursuant to section § 13-21-115 and not under any other theory of negligence, general, or otherwise.") (emphasis added); *Reid v. Berkowitz*, 370 P.3d 644, 648 (Colo. App. 2016) ("[T]he PLA provides the sole remedy *against landowners* for injuries occurring on their property.") (emphasis added). Duties of care under the PLA are nondelegable; a landowner may not escape liability for conditions or acts performed by others, such as subcontractors or employees. *Reid*, 370 P.3d at 648–49; *Larrieu*, 303 P.3d at 563.

6

**C.      Motion to Remand**

      1.     Parties' Arguments and the Recommendation

Home Depot argues fraudulent joinder because there is "absolutely no possibility that Plaintiff will be able to establish a cause of action against Schiatta in state court." (ECF No. 1 at 4; *see* ECF No. 14 at 3.)  Specifically, Home Depot posits that the PLA "provides the exclusive remedy against a landowner for physical injuries sustained on the landowner's property."  (ECF No. 14 at 5.)  Thus, according to Home Depot, under the PLA, the claim against Schiatta is superfluous because Home Depot would have full responsibility for Schiatta negligence and Schiatta would have none.  (*Id.* at 6.) Similarly, Home Depot argues that because it has admitted vicarious liability for the allegedly negligent actions of its employee, Plaintiff's cannot state a claim against Schiatta.  (*Id.* at 3–4.)

Plaintiff argues in her Motion that it is proper to plead alternative causes of action and she has indeed stated a common law negligence claim against Schiatta.  (ECF No. 9 at 2; ECF No. 21 at 8.)  Plaintiff also secondarily argues that the Court should only consider facts pled in the Complaint, placing great emphasis on excluding Home Depot's statements in the removal papers regarding its landowner status.  Plaintiff seems concerned that Home Depot's landowner status may impact the viability of a negligence claim against Schiatta.  As discussed below, it does not.

The Magistrate Judge credited Defendant's argument and determined that the factual allegations clearly implicated the PLA.  (ECF No. 23 at 5.)  The Magistrate Judge recognized that "Plaintiff's negligence claim against Defendant Schiatta is based

7

on an injury that occurred at Home Depot by a Home Depot employee who was engaged in the activities of his employment." (*Id.*) Up to this point, the undersigned agrees. Based on the foregoing, the Magistrate Judge then concluded that Plaintiff's Motion should be denied and the case should remain in federal court. (*Id.*) However, as discussed below, whether Plaintiff's claim against Home Depot can only be asserted under the PLA does not affect—one way or the other— whether Schiatta is also potentially, and *separately,* liable to Plaintiff for her injuries.

2. <u>Negligence Claim</u>

Plaintiff states a textbook negligence claim against Schiatta: Schiatta dropped something on Plaintiff and hurt her. In the context of tort law, Schiatta allegedly breached a duty of reasonable care to Plaintiff, and his breach proximately caused Plaintiff's injuries. *See Ayala v. U.S.*, 49 F.3d 607, 611 (10th Cir. 1995). While the practical reasons for filing a claim against Schiatta may be limited—indeed the only reason for joining Schiatta may indeed have been to destroy diversity of the parties—filing a negligence claim against Schiatta is not *legally* baseless or frivolous. *See Brazell v. Waite*, 525 F. App'x 878 (10th Cir. 2013). Nothing in the PLA or other theories of tort liability *precludes* Plaintiff from alleging a negligence claim against Schiatta. *See Pierson v. Black Canyon Aggregates, Inc.*, 32 P.3d 567, 570 (Colo. App. 2000), *rev'd on other grounds*, 48 P.3d 1215 (Colo. 2002).

a. *PLA Liability*

Plaintiff, Home Depot, and the Magistrate Judge all make the same errant assumption: that Schiatta may not be legally liable for negligence if Home Depot is

8

exclusively liable under the PLA. This assumption arises out of a misreading of statute and caselaw. (*See, e.g.*, ECF No. 21 at 5 ("In [*Larrieu v. Best Buy Stores*, 303 P.3d 558 (Colo. 2013)], [the Colorado Supreme Court] determined that plaintiff's negligence claim against one defendant was subsumed by another defendant under the Premises Liability Act."); ECF No. 14 at 7 ("Based on the allegations in Plaintiff's Complaint and the applicable Colorado law [the PLA], Plaintiff would only be able to obtain recovery from Home Depot, as the liable employer.").)

Plaintiff is correct that "Home Depot improperly conflates the concept of potential imputed liability with immunity or impossibility." (ECF No. 9 at 7.) Neither the PLA nor caselaw suggests that a plaintiff is restricted from bringing an action against an individual tortfeasor *in addition to the landowner*, or that such an individual is immune from suit. Indeed, the parties cite no cases supporting such an argument. Though the cases discuss the "exclusivity" of the PLA, it is an exclusive remedy only as *against the landlord*, not as against the entire world. *See Vigil*, 103 P.3d at 328; *Reid*, 370 P.3d at 648. The exclusivity "against the landlord" pertains only to the PLA vis-à-vis common law claims. *See Vigil*, 103 P.3d at 328.

Moreover, contrary to the parties' readings, *Larrieu* did not determine that a PLA claim against an employer subsumes a claim against an employee. 303 P.3d at 559, 564. (*See* ECF No. 9 at 6; ECF No. 14 at 6; ECF 21 at 5.) Instead, *Larrieu* held that an employer/landowner is liable under the PLA for negligent acts of employees on its property (rather than being liable only for activities "directly or inherently related to the land"). 303 P.3d at 559. Notably, the plaintiff in *Larrieu* did not sue the employee for

9

negligence and the Colorado Supreme Court did not address the potential liability of the employee. *See Larrieu v. Best Buy Stores*, Case No. 10-cv-1883 (D. Colo. removal filed Aug. 6, 2010), ECF No. 1-1.

The statutory construction of the PLA and interpreting case law also suggest (but do not outright state) that claims against a party other than the landowner may be appropriate. *See Pierson*, 32 P.3d at 570 (Colo. App. 2000) (noting that "a party who is not a 'landowner' may nevertheless be held liable under general negligence principles"), *rev'd on other grounds*, 48 P.3d 1215 (Colo. 2002). The Colorado Supreme Court has held that the PLA "does not mandate that damages resulting for the [landowner's] negligence be assessed without regard to the negligence of the injured party or fault of a nonparty." *Union Pac. R.R. Co. v. Martin*, 209 P.3d 185, 186 (Colo. 2009). In that case, the court recognized that 2006 amendments to tort liability statutes specified that "comparative negligence as a measure of damages and pro rata liability . . . apply to actions brought as the result of . . . injury" and determined that these amendments applied to liability under the PLA. *Id.* at 189–190; *see* Colo. Rev. Stat. §§ 13-21-111 and -111.5; *see also id.* § 13-21-115(2) ("Sections 13-21-111, 13-21-111.5, and 13-21-111.7 shall apply to an action to which this section applies"). Thus, the statute explicitly contemplates that a landowner's liability may be limited by the actions of other parties or non-parties.

Absent any indication in the caselaw that landowner liability under the PLA subsumes liability of any other potential defendant, Home Depot cannot carry its burden to show that Schiatta was improperly joined in this action.

b.  *Vicarious liability*

Even if Home Depot is, for some reason, determined not to be the landlord of the Property, Home Depot's potential vicarious liability as an employer does not subsume a negligence claim against Schiatta. Home Depot relies on *Ferrer v. Okbamicael* to support its claim that Home Depot, and not Schiatta, is solely responsible to Plaintiff for any negligence. 390 P.3d 836 (Colo. 2017). Home Depot characterizes the holding of *Ferrer* thusly: "when an employer admits it is vicariously liable for the acts of its employee, the employer becomes 100% liable for that employee's actions." (ECF No. 14 at 3.) However, Home Depot misreads the central holding of the case; *Ferrer* held that where a plaintiff has a vicarious liability claim against an employer resulting from the conduct of an employee, the plaintiff cannot also pursue a direct negligence claim *against the employer* for that same conduct. 390 P.3d at 844. The Colorado Supreme Court reasoned that allowing a vicarious liability and direct negligence claim against an employer where the employer had already conceded vicarious liability would be "redundant and wasteful." *Id.* Because the employer admitted that is was fully liable to plaintiff under one theory of negligence, the court determined that it was unnecessary to allow an alterative claim that the employer was directly liable. *Id.* Thus, under *Ferrer*, Plaintiff's Claim 3 (negligence: *respondeat superior*) may render her Claim 4 (direct negligence) superfluous.

*Ferrer* says nothing about the potential liability of the negligent employee, or the relationship of a vicarious liability claim against an employer to a general negligence claim against an employee. The conclusion in *Ferrer* was based on the unnecessary

11

duplication of claims against the same party for the same conduct. *Id.* That case does not support Home Depot's conclusion that it *alone* is responsible for Schiatta's act, to the exclusion of Schiatta.[1] Thus, Home Depot once again fails to carry its burden to show that Plaintiff *cannot* state a claim against Schiatta. *See Radil*, 384 F.3d at 1224.

\* \* \* \* \*

While Home Depot may be liable to Plaintiff under the PLA, vicarious liability, or direct negligence, it has failed to establish its burden, in this fraudulent joinder context, that Plaintiff has no separate and additional remedy against Schiatta individually. Home Depot may be the Defendant with a greater ability to pay for any liability imposed through a lawsuit and, under the PLA, Plaintiff may be able to recover the entirety of her damages from Home Depot. However, those facts alone counsel only that Home Depot is a more practical defendant, not that it is the only potentially liable defendant.[2] Indeed, under Plaintiff's theories of negligence, Home Depot's liability is predicated on Schiatta's supposedly negligent act. As such, Plaintiff can plausibly state a cause of action for negligence against Schiatta.[3] *See Smoot*, 378 F.2d at 882; *Montano*, 2000

---

[1] This conclusion should not surprise Home Depot. In the same factual scenario, the United States District Court for the Central District of California reached the same conclusion under California law regarding the plaintiff's ability to state a cause of action against Home Depot's co-defendant, who was a Home Depot employee and California resident. *Revay v. Home Depot, U.S.A., Inc.*, 2015 WL 1285287 (C.D. Cal. 2015). The court rejected Home Depot's argument that vicarious liability for the co-defendant's alleged negligence established the co-defendant's immunity from suit. *Id.* at *4.

[2] It is not the case that there can never be a practical reason to sue or join the employee. For example, if Home Depot became insolvent, Schiatta might be, after all, the only practical defendant.

[3] Under the PLA, Schiatta may properly be considered an "authorized agent" under the PLA, and thus Plaintiff's redress against Schiatta would properly be under the PLA rather than a common law negligence claim. *See* Colo. Rev. Stat. § 13-21-115(2); *Vigil v. Franklin*, 103 P.3d

WL 525592, *1. Plaintiff did not fraudulently join Schiatta and the parties are not wholly diverse. Thus, this Court lacks subject matter jurisdiction to hear this dispute and grants Plaintiff's Motion.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Objection (ECF No. 24) to the Magistrate Judge's Recommendation is SUSTAINED;

2. The Magistrate Judge's Recommendation (ECF No. 23) is REJECTED;

3. Plaintiff's Motion to Remand (ECF No. 9) is GRANTED;

4. The Clerk shall REMAND this case to Denver District Court, and shall TERMINATE this action. The parties shall bear their own fees and costs.

Dated this 26th day of July, 2018.

BY THE COURT:

_(signature)_

William J. Martínez
United States District Judge

---

at 328. However, the parties did not raise this issue and the Court does not address it here today. See United States v. Hunter, 739 F.3d 492, 495 (10th Cir. 2013) (deeming waived an argument inadequately developed). Even if Schiatta were considered an authorized agent, Home Depot has not met its burden to demonstrate a plaintiff cannot sue an authorized agent when the principal also bears liability.